ATALANTA TRADING CORP. *v.* UNITED STATES (No. 4808)[1]

[1] C. A. D. 577.

United States Court of Customs and Patent Appeals, December 21, 1954

*Allerton deC. Tompkins* for appellant.

*Warren E. Burger*, Assistant Attorney General (*Richard E. FitzGibbon, Richard H. Welsh*, and *William J. Vitale*, special attorneys, of counsel), for the United States.

[Oral argument October 12, 1954, by Mr. Tompkins and Mr. Welsh]

Before O'CONNELL, Acting Chief Judge, and JOHNSON, WORLEY, and COLE, Associate Judges.

WORLEY, Judge, delivered the opinion of the court:

This appeal is from a judgment of the United States Customs Court, Third Division, rendered pursuant to its decision, C. D. 1574, overruling appellant's protest involving the classification of certain frog legs imported from Cuba. The Collector of Customs classified and assessed duty on the merchandise at 8 per centum ad valorem under paragraph 1558 of the Tariff Act of 1930, as modified by the Exclusive Trade Agreement with Cuba, T. D. 51819.

The importer claimed the merchandise to be properly dutiable by similitude as "Other" fish provided for in paragraph 717 (b) of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, by virtue of paragraph 1559 of the Tariff Act of 1930, at 1½ cents per pound, or as "Other game" either directly under paragraph 704 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, or by virtue of the similitude clause in paragraph 1559, at 3 cents per pound.

The pertinent provisions of the paragraphs referred to above read as follows:

Exclusive Trade Agreement with Cuba, T. D. 51819:

| Tariff Act of 1930 paragraph | Description of Products | Rate of Duty |
|---|---|---|
| 1558 | Frog legs, fresh, chilled, frozen, prepared, or preserved. | 8% ad val. |

Tariff Act of 1930:

Par. 1558. That there shall be levied, collected, and paid on the importation of all raw or unmanufactured articles not enumerated or provided for, a duty of 10 per centum ad valorem, and on all articles manufactured, in whole or in part, not specially provided for, a duty of 20 per centum ad valorem.

Par. 1559. That each and every imported article, not enumerated in this Act, which is similar either in material, quality, texture, or the use to which it may be applied to any article enumerated in this Act as chargeable with duty, shall be subject to the same rate of duty which is levied on the enumerated article which it most resembles in any of the particulars before mentioned: * * *

General Agreement on Tariffs and Trade, T. D. 51802:

| Tariff Act of 1930 paragraph | Description of Products | Rate of Duty |
|---|---|---|
| 717 (b)___ | Fish, fresh or frozen, (whether or not packed in ice), filleted, skinned, boned, sliced, or divided into portions, not specially provided for: | |
| * | * * * * | * * |
| | Other_____ | 1½¢ per lb. |
| * | * * * * | * * |
| 704_____ | Other game (except birds), fresh, chilled, or frozen, not specially provided for___ | 3¢ per lb. |

In view of our conclusion we do not deem it necessary to set forth in detail the record made before the trial court. It is sufficient to state that the seven witnesses for the importer testified that frog legs are sold in fish markets and are cooked and eaten in much the same manner as fish; that the texture is similar to lobster claws or the white portion of sturgeon; that the frog legs arrive in this country skinned and frozen; that the frogs are caught by fishermen in Cuba; and that they have one common biological characteristic with fish; viz., both are cold blooded. The Government submitted no evidence.

In overruling the protest of the importer, the trial court held that the testimony of the witnesses was immaterial to the issues of the case and that the *eo nomine* provision for frog legs in the Exclusive Trade Agreement with Cuba, *supra*, prevailed over words of general description which might otherwise include the article, citing *Chew Hing Lung* v. *Wise*, 176 U. S. 156; *United States* v. *Rotberg & Krieger*, 24 C. C. P. A. (Customs) 441, T. D. 48902; and *Centennial Flouring Mills Co.* v. *United States*, 29 C. C. P. A. (Customs) 264, C. A. D. 200.

The importer contends that although section 350 of the Tariff Act of 1930 authorizes the President to modify the rates of existing duties, it does not confer upon him the power to change the relative specificity of any tariff provision nor to reclassify any article by removing it from one paragraph of the act and placing it in another.

Frog legs seem to have long been the subject of administrative and judicial interpretation.[1] The United States Customs Court, as well as its predecessor, the Board of General Appraisers, have consistently held frog legs dutiable under the so-called catch-all provisions of the various acts as "raw and unmanufactured articles not enumerated," despite a number of rulings from the Customs Bureau classifying them under various provisions of the tariff acts as "fish," "game," and "poultry." A brief review on this subject is contained in the Sum-

---

[1] *Ingersoll* v. *United States*, T. D. 11566, G. A. 741; *Myers* v. *United States*, T. D. 26190, Abstract 5410; *Pacific Trading Co.* v. *United States*, 4 Cust. Ct. 251, C. D. 335; *Pacific Trading Co.* v. *United States*, 17 Cust. Ct. 157, Abstract 51209.

maries of Tariff Information, 1948, Schedule 15, Vol. 9, p. 164 and, so far as pertinent, reads as follows:

FROGS AND FROGS' LEGS, FRESH OR PREPARED

(Par. 1558)

Comment

\*    \*    \*    \*    \*    \*    \*

Frogs and frogs' legs, fresh or prepared, have been variously classified under the Tariff Act of 1930. In May 1940 the United States Customs Court held that frozen frogs, beheaded, eviscerated, and skinned, were dutiable at 10 percent ad valorem under paragraph 1558 of the Tariff Act of 1930, as "unenumerated unmanufactured articles." The Treasury Department apparently did not agree with the court, and in August 1940 ruled that frozen frogs' legs were dutiable as frozen meat under paragraph 706 of the 1930 tariff act at the rate of 6 cents per pound, but not less than 20 percent ad valorem. Presumably, it was on the basis of this ruling that Cuba was granted a tariff concession in January 1942 on "frog legs, fresh, chilled, frozen, prepared, or preserved" under paragraph 706. Litigation, however, resulted in a court decision in April 1942 holding that frozen frogs were dutiable as unenumerated unmanufactured articles at 10 percent ad valorem, under paragraph 1558. This line was followed in later cases involving frozen frogs' legs. The Treasury Department decided at last to acquiesce in the court's determined stand, and in January 1943 ruled that frogs' legs, fresh, chilled, frozen, prepared, or preserved were dutiable at 10 percent ad valorem under paragraph 1558 as "unenumerated unmanufactured articles," with the qualification that "if the processes applied to the article have advanced the condition of the merchandise to such an extent that it is classifiable under that paragraph as articles manufactured, in whole or in part, not specially provided for, then such article is dutiable at 20 percent ad valorem." These developments had the effect of nullifying the tariff concession granted to Cuba under paragraph 706.

\*    \*    \*    \*    \*    \*    \*

In the Geneva agreement [T. D. 51802] the rate of duty on "unmanufactured" frogs' legs imported from Cuba was bound at the preagreement Cuban rate of 8 percent ad valorem. The rate on "manufactured" frogs' legs imported from Cuba was reduced from 16 percent to 8 percent ad valorem. The duty on frogs and frogs' legs of non-Cuban origin was not affected by the Geneva agreement.

In view of the earlier uniform judicial decisions that frog legs are properly classifiable under paragraph 1558, *supra*, and the various reenactments of the statute with no change being made with regard to the classification of merchandise such as that at bar, it must be presumed that there was legislative approval of those decisions. *August Bentkamp* v. *United States*, 40 C. C. P. A. (Customs) 70, C. A. D. 500; and *Werner G. Smith Co., Div. Archer Daniels Midland Co.* v. *United States*, 40 C. C. P. A. (Customs) 90, C. A. D. 503.

Despite the able argument advanced by counsel for appellant in support of his principal contention, we find no error in the conclusion of the trial court that the provision for frog legs under paragraph 1558, *supra*, involved in the Exclusive Trade Agreement with Cuba, is not a reclassification of the merchandise by the President, but is a

modification of existing duties, which action is authorized by section 350 (a) of the Tariff Act of 1930.

With respect to the other contentions of appellant, the Government properly points out that the *eo nomine* provision for frog legs in the Exclusive Trade Agreement with Cuba must prevail over more general provisions for fish or game, either directly or by similitude, and that since paragraph 1558, *supra*, embraced the merchandise, the Exclusive Trade Agreement with Cuba properly provided for them *eo nomine* therein, citing *Sandoz Chemical Works, Inc.* v. *United States*, 25 Cust. Ct. 115, C. D. 1273; and *United States* v. *Canadian National Railways*, 29 C. C. P. A. (Customs) 272, C. A. D. 202.

The judgment of the trial court is affirmed.

On account of illness, GARRETT, Chief Judge, did not participate in the hearing or decision of this case.

